**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-11038
Summary Calendar
_____


In the Matter of:  JOHN RICHARD SULLIVAN,

                                        Debtor.


A. M. MANCUSO, Trustee,

                                        Appellant,

                    VERSUS

SULLIVAN PLAN COMMITTEE; TCCP CALIFORNIA LIMITED PARTNERSHIP,
Assignee and Successor in Interest to the RTC as Receiver of Sandia
Federal Savings Association,

                                        Appellees.



_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95 CV 1254 T)
_____
July 22, 1996


Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


    A.M. Mancuso, the trustee in this chapter 11 bankruptcy
proceeding, appeals a judgment affirming both the bankruptcy
court's denial of his motion to strike certain objections to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

compensation by the FDIC and the RTC and its order requiring him to disgorge a portion of his compensation. For essentially the reasons contained in the district court's opinion, we affirm.

I.

This appeal arises out of the chapter 11 bankruptcy of John Sullivan. The bankruptcy court confirmed a plan of reorganization in March 1992 and appointed Mancuso as trustee. The plan provided for Mancuso's compensation; it also provided that the Sullivan Plan Committee ("the committee") would represent the interests of class 5 creditors under the plan. TCCP California Limited Partnership ("TCCP") is a class 5 creditor, as were the FDIC and the RTC.

Section 6.6 of the plan governed Mancuso's compensation:

> The [bankruptcy] Court shall have continuing jurisdiction over the determination of the amount of compensation paid to the Trustee. Compensation shall be paid to the Trustee at the rate of $200.00 per hour. The Trustee shall be reimbursed for expenses incurred in connection with this case including travel, lodging and meal expenses.
>
> The Trustee shall submit monthly invoices for such compensation and reimbursement of expenses to the Plan Committee. If, after the expiration of ten (10) days from the date such invoice is sent, no objection thereto is voiced by the Committee, the invoice shall be paid from the Estate. If the Plan Committee has any objection, it shall present such objection to the Trustee. If the objection cannot otherwise be resolved, the Trustee shall file an appropriate pleading seeking resolution of the dispute by the Court. The Trustee shall also be permitted to retain professionals, including without limitation, attorneys and accountants to assist him in his duties, under the same terms and conditions as professionals employed by the Plan Committee.

Pursuant to § 6.6, Mancuso began submitting invoices for

compensation to the committee in April 1992. Through December 1994, Mancuso submitted invoices totaling $451,011.77. In January 1993, the committee began submitting objections to portions of Mancuso's invoices, which led Mancuso to withhold $24,767.01 of his compensation. In June 1994, the RTC and the FDIC also began to file objections to Mancuso's compensation with the bankruptcy court independently of the committee, although § 6.6 did not explicitly authorize them to do so.

Mancuso moved to strike the objections of the RTC and the FDIC, contending that they lacked standing to assert objections independently of the committee under § 6.6. The bankruptcy court denied the motion, ruling that § 6.6 vested it with continuing jurisdiction over Mancuso's compensation and that it could therefore consider objections raised by any plan beneficiary. The court then held a hearing on Mancuso's compensation, determined that it was excessive, and ordered him to disgorge $67,382.29 of the compensation he had received. Mancuso appealed to the district court, which affirmed.

## II.

Mancuso raises four arguments on appeal. He contends that (1) the bankruptcy court erroneously interpreted § 6.6 to vest it with jurisdiction to consider any objection to Mancuso's compensation, even if the objection was not properly raised by the committee; (2) the bankruptcy court denied him due process by departing from the procedures prescribed by the plan to consider

3

objections to his compensation not raised by the committee; (3) the bankruptcy court erred by denying his motion to strike the objections of the FDIC and the RTC; and (4) the bankruptcy court erred by finding his claimed compensation to be excessive.

The crux of this appeal is the proper interpretation of § 6.6. Mancuso urges that under that section, only the committee may raise objections to his compensation. The committee and TCCP, on the other hand, focus on that part of § 6.6 that confers on the bankruptcy court "continuing jurisdiction over the determination of the amount of compensation paid to the Trustee." They argue that the bankruptcy court is thereby entitled to consider any objection to Mancuso's compensation, regardless of whether the committee properly raises it.

Although both interpretations are plausible, the committee's interpretation is the better one. It is not necessary to set forth our reasoning in detail; the district court's opinion is thorough and well-reasoned, and its reasoning is essentially the same as our own. Because Mancuso's first three objections either focus on the proper interpretation of § 6.6 or assume the validity of his interpretation, we need not consider them further.

Mancuso also contends that even if the bankruptcy court was entitled to consider objections to his compensation not raised by the committee, it should not have determined his compensation to be excessive. Although Mancuso raises a number of objections to the bankruptcy court's finding, the district court's opinion responds to each of these objections comprehensively. We therefore AFFIRM

4

for essentially the reasons contained in that opinion.